**In the Matter of the Application of Gregory JOHNSON, Petitioner,**

v.

**The COUNTY OF SUFFOLK, The Suffolk County Police Department, and Costco Wholesale Corporation, Respondents.**

Nº 17–CV–3986 (JFB)(AYS)

United States District Court, E.D. New York.

Signed December 4, 2017

Petitioner is represented by Skip Alan LeBlang, 325 Broadway, Suite 402, New York, New York 10007.

Respondent Costco is represented by Allison C. Leibowitz and Sal F. DeLuca of Simmons Jannace DeLuca L.L.P., 43 Corporate Drive, Hauppauge, New York 11788.

## MEMORANDUM AND ORDER

Joseph F. Bianco, District Judge:

Petitioner Gregory Johnson ("Johnson" or "petitioner") commenced this proceeding via verified petition (the "petition") in the Supreme Court of the State of New York, County of Suffolk, pursuant to N.Y. C.P.L.R. §§ 403 and 3102(c), seeking an order for pre-action disclosure from Suffolk County and the Suffolk County Police Department (the "SCPD," and, together, the "Suffolk County respondents") and Costco Wholesale Corporation ("Costco," and, collectively, "respondents").[1] (Verified Pet. ("Pet."), ECF No. 1–1 at 2–8.) Petitioner, who was injured in a trip and fall accident at a Costco warehouse, sought discovery of video surveillance and photographs of the scene of his injury, as well as the 911 recordings made following his injury, in order to, in part, identify potential defendants to a future lawsuit.

The New York Supreme Court issued an order to show cause on June 21, 2017, instructing respondents to appear before the court on July 6, 2017 to show cause why an order should not be entered pursuant to § 3102(c). (Order to Show Cause ("O.S.C."), ECF No. 13–3 at 2–4.)

On July 5, 2017, respondent Costco filed a notice of removal pursuant to 28 U.S.C. § 1441, premised on diversity jurisdiction. (Notice of Removal, ECF No. 1.) Petitioner then filed a motion to remand this action to New York Supreme Court (ECF No. 13), and Costco thereafter cross-moved to dismiss the petition (ECF No. 14).

Pending before the Court are (1) petitioner's motion to remand, and (2) respondent Costco's cross-motion to dismiss the petition. For the reasons that follow, the Court concludes that Costco has failed to show that there is diversity jurisdiction and, therefore, that the Court lacks subject matter jurisdiction. In particular, assuming *arguendo* that pre-action disclosure proceedings under N.Y. C.P.L.R. § 3102(c) are removable, this particular action is not removable because (1) the parties to the pre-action disclosure proceeding are not diverse, and (2) even if the Court were to confine its analysis (as respondent Costco suggests) to whether diversity jurisdiction would exist in the potential future underlying personal injury action (rather than assessing the citizenship of the parties in the pre-action disclosure proceeding), it is far from clear based upon the record before this Court that there would necessarily be diversity jurisdiction even when the underlying personal injury action is brought. In other words, there is a lack of clarity as to whether there may be an additional putative defendant in the future underlying personal injury action (other than Costco) who is not

1. The state court proceeding is referred to herein as "the § 3102(c) proceeding" or "the pre-action disclosure proceeding."

diverse with plaintiff, and plaintiff cannot make that determination without obtaining additional information through the pre-action disclosure proceeding. In this case, Costco has not shown that the pre-action disclosure proceeding is being brought in state court with non-diverse, nominal defendants in bad faith, simply to avoid restrictions in federal discovery rules that would otherwise apply in an underlying federal action. In sum, under the circumstances of this case, there is no basis for the Court to exercise subject matter jurisdiction over this pre-action disclosure proceeding. To hold otherwise could result in a federal court exercising jurisdiction over a pre-action disclosure proceeding with non-diverse parties, in connection with a future lawsuit for which there also may be no federal subject matter jurisdiction.

Accordingly, the Court must remand this pre-action disclosure proceeding to state court pursuant to 28 U.S.C. § 1447(c).

## I. BACKGROUND

### A. Facts

The following facts are taken from the petition. On April 14, 2017, petitioner, a member of Costco, was injured at the Costco warehouse retail store located at 3000 Middle Country Road in Nesconset, New York (the "Costco warehouse"). (Pet. ¶¶ 5, 12.) Specifically, shortly before noon, petitioner was in the back of the Costco warehouse where the bundled paper goods were displayed on the open floor, and, while retrieving a bundle of paper towels, "caught his foot on/in a makeshift display platform which had several tiers of the bundles stacked on top of each other, causing him to trip and fall hard on his left upper extremity." (Id. ¶¶ 12–13.)

After falling, petitioner observed that the display platform was comprised of "several low-lying wooden freight skids" ("skids"), which were obscured, in part, by the materials stacked upon them. (Id.

¶ 13.) According to petitioner, the skids "were irregular in their configuration with spaces between them, had protruding edges beyond the displayed merchandise, and had large trap-like holes along the front and sides of the wood exactly where a shopper would naturally position their feet in order to pick-up the merchandise." (Id.)

Within moments of the fall, witnesses called 911 and reported the incident and the need for an ambulance. (Id. ¶ 14.) The SCPD responded to the 911 call, confirmed that petitioner had fallen at the Costco warehouse, and coordinated with the Nesconset Fire Department EMS to transport petitioner to the hospital. (Id.)

At the hospital, petitioner was diagnosed with "multiple comminuted and displaced fractures of the surgical neck of the left humerus," and a surgical trauma specialist indicated that joint replacement was needed. (Id.) The joint replacement was performed on April 26, 2017. (Id.)

### B. Procedural History

On June 19, 2017, Johnson filed a petition in the Supreme Court of the State of New York, County of Suffolk, pursuant to N.Y. C.P.L.R. §§ 403 and 3102(c), seeking pre-disclosure discovery from the Suffolk County respondents and Costco, including video surveillance and photographic materials and 911 call recordings and transmissions, in order to "assist in ascertaining the identities of those who may be parties to the claim (apart from Costco)," (Pet. ¶¶ 16–18); "assist in framing the legal documents of the forthcoming action" (id. ¶ 18); and "preserve those recording and images as material and necessary information for the use at trial of [petitioner's] claim" (id.).

On June 21, 2017, Judge William B. Rebolini issued an order to show cause, returnable on July 6, 2017, directing respondents to appear before the court to

show cause why an order should not be entered pursuant to § 3102(c). (O.S.C. 1–2.) On July 3, 2017, the Suffolk County Attorney's Office submitted an affirmation on behalf of the SCPD stating that it would not object to producing the requested 911 recordings for which the SCPD is the custodian if the court were to order their production. (Caputi Affirm. ¶ 3, ECF No. 13–3 at 7–8.)

On July 5, 2017, Costco filed a notice of removal in this Court, arguing that the Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between Costco and petitioner, and the Suffolk County respondents are merely nominal parties. (Notice of Removal ¶¶ 4–10.)

Petitioner filed the instant motion to remand on July 31, 2017, asserting that the Court must remand this proceeding under 28 U.S.C. § 1447(c) because there is no diversity jurisdiction and Costco's notice of removal is otherwise procedurally defective. (ECF No. 13.) On September 8, 2017, respondent Costco opposed petitioner's motion to remand and cross-moved to dismiss the petition on the basis that the petition improperly seeks pre-action disclosure in violation of Federal Rule of Civil Procedure 27. (ECF No. 14.) Petitioner submitted an affidavit in opposition to Costco's cross-motion and in further support of its motion to remand on September 18, 2017 (Aff. in Opp. to Cross–Mot., ECF No. 15), and Costco replied on September 27, 2017 (Reply Decl., ECF No. 16). Oral argument was held on October 5, 2017. The Court has fully considered the parties' submissions.

## II. STANDARD OF REVIEW

### A. Motion to Remand

■ Generally, a case may be removed from state court to federal court "only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F.Supp.2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)); *see also* 28 U.S.C. § 1441. If a federal district court determines that it lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). "When a party challenges the removal of an action from state court, the burden falls on the removing party to establish its right to a federal forum by competent proof." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 1:00–1898, MDL 1358 (SAS), M 21–88, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) (internal quotation marks and citations omitted). Further, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quotation marks and citation omitted); *accord Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 367–68 (S.D.N.Y. 2006).

### B. Diversity Jurisdiction

It is axiomatic that federal courts only have diversity jurisdiction when there is complete diversity between the parties— that is, when all plaintiffs are citizens of different states from all defendants. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005); *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). In other words, if any plaintiff shares citizenship of the same state as any defendant, complete diversity does not exist, and diversity jurisdiction is lacking. However, as the Second Circuit has made clear, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real

connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998). Furthermore, in order for there to be diversity jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a).

■ In analyzing whether subject matter jurisdiction exists, the Court is permitted to look to materials outside of the pleadings. *See Bldg. & Constr. Trades Council of Buffalo, N.Y. & Vicinity v. Downtown Dev., Inc.*, 448 F.3d 138, 150 (2d Cir. 2006) ("Although [the district court's] ruling required [it] to look outside the pleadings, a court has discretion to do so when determining whether it has subject matter jurisdiction." (citing *Luckett v. Bure*, 290 F.3d 493, 496–97 (2d Cir. 2002))); *see also Pampillonia*, 138 F.3d at 461–62 (looking to affidavits accompanying removal petition to determine whether party had been fraudulently joined). "Such materials can include documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) (collecting cases).

### III. Discussion

#### A. Removal of § 3102(c) Proceeding

As a threshold matter, the Second Circuit has not decided the question of whether a petition for pre-action disclosure pursuant to N.Y. C.P.L.R. § 3102(c) is subject to removal to federal court under 28 U.S.C. § 1441. Lower courts in different circuits have reached different conclusions regarding whether pre-action disclosure proceedings are removable. *Compare Dublin Worldwide Prods. (USA), Inc. v. Jam Theatricals, Ltd.*, 162 F.Supp.2d 275, 277–

78 (S.D.N.Y. 2001) (C.P.L.R. § 3102(c) proceedings are "ancillary to an existing cause of action" and therefore subject to removal), *and Christian, Klein, & Cogburn v. Nat'l Assoc'n of Secs. Dealers, Inc.*, 970 F.Supp. 276, 278 (S.D.N.Y. 1997) (C.P.L.R. § 3102(c) petition subject to removal if it qualifies as an "initial pleading" that sets forth a claim for relief), *with Mayfield–George v. Texas Rehab. Comm'n*, 197 F.R.D. 280, 282–84 (N.D. Tex. 2000) (petition for pre-suit discovery was "not a 'civil action' under § 1441(b) because it assert[ed] no claim or cause of action upon which relief c[ould] be granted"), *In re Hinote*, 179 F.R.D. 335, 336 (S.D. Ala. 1998) (pre-action discovery petition not a civil action and thus not removable), *and Manhasset Office Grp. v. Banque Worms*, No. 87 CV 3336, 1988 WL 102046, at *1 (E.D.N.Y. Sept. 20, 1988) (removal of C.P.L.R. § 3102(c) petition was "premature and improper" because "no action was commenced, and no pleadings or summons were served").

Here, however, the Court need not, and does not, address this issue, because even assuming *arguendo* that a N.Y. C.P.L.R. § 3102(c) pre-action disclosure proceeding can be subject to removal, there is no subject matter jurisdiction over this particular proceeding and, therefore, it is not removable under 28 U.S.C. § 1441.

#### B. Diversity Jurisdiction

Costco argues that the Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because it involves a controversy between diverse citizens: (1) petitioner, a citizen of New York State, and (2) Costco, a corporation incorporated and with its principal place business in Washington State.[2] For the reasons that follow,

---

**2.** Costco does not argue that there is federal question jurisdiction under 28 U.S.C. § 1331. The Court likewise concludes that there is neither federal question jurisdiction at this time, nor is there any argument that federal question jurisdiction would exist when the potential complaint in the underlying personal injury action is filed. Accordingly, the only issue is whether diversity jurisdiction exists.

the Court concludes that respondents have failed to establish that there is diversity jurisdiction in this action.

■ First, there is no diversity in the pre-action disclosure proceeding itself because petitioner and the Suffolk County respondents are both New York State citizens. Respondent Costco argues that the Suffolk County respondents should be disregarded for purposes of diversity jurisdiction because they are merely nominal parties. The Court disagrees.

■ Nominal parties are "'those that have no personal stake in the outcome of the litigation and who are not necessary to an ultimate resolution.'" *Fed. Ins. Co.*, 422 F.Supp.2d at 388–89 (S.D.N.Y. 2006) (quoting *McAlpin v. RLI Ins. Co.*, 320 F.Supp.2d 42, 43 (W.D.N.Y. 2004)). "The question of whether a party is nominal appears to be governed by essentially the same legal standard as whether a party is fraudulently joined." *Id.* at 389. The removing party "'must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court.'" *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (quoting *Pampillonia*, 138 F.3d at 461). In addition, the removing party bears "a heavy burden," and "all factual and legal issues must be resolved in favor of the [non-removing party]." *Pampillonia*, 138 F.3d at 460–61.

Here, there is no allegation of fraud, and the Suffolk County respondents are certainly not nominal parties within the pre-action disclosure proceeding itself. The petition initiating the § 3102(c) proceeding seeks 911 emergency calls, recordings, and transmissions from the Suffolk County respondents in order to "assist in ascertaining potential defendants to [petitioner's] claim, and to identify and pre-serve material information for use at the trial of that claim." (Pet. ¶¶ 2, 17.) Petitioner asserts that he served a Freedom of Information Law request on the SCPD seeking the 911 recordings, and that the SCPD denied the request and refused to provide this information without a court order. (Aff. in Supp. of Pet. and O.S.C. ¶¶ 7–8, ECF No. 1–1 at 23.) Moreover, in response to the order to show cause, the Suffolk County Attorney's Office submitted an affirmation on behalf of the SCPD stating that it would produce the 911 recordings and transmissions within the custody of the SCPD if ordered by the court. (Caputi Aff. ¶ 3.) Accordingly, the Suffolk County respondents are certainly interested stakeholders in the pre-action disclosure proceeding, and they, therefore, are not nominal parties to that proceeding.

Costco asserts that the Suffolk County respondents are nominal parties because, according to Costco, no cause of action can be asserted against them in connection with petitioner's alleged injury inside the Costco warehouse. Thus, Costco contends that the Court should disregard the Suffolk County respondents and look to the underlying cause of action when analyzing whether there is diversity jurisdiction. However, even assuming *arguendo* that the Court analyzed the underlying cause of action to determine whether diversity jurisdiction exists, it is entirely unclear at this juncture whether the future underlying personal injury lawsuit would have complete diversity.

In particular, petitioner asserts that there could be parties other than Costco to the underlying action, such as the owners, manufacturers, suppliers, and/or configurators of the skids or display, and that such parties might be citizens of New York State, thus destroying diversity jurisdiction. (*See* Aff. of Skip LeBlang in Supp. of Mot. to Remand ¶ 6, ECF No. 13–1 at 3–

4.) Indeed, one of the purposes of initiating the § 3102(c) proceeding was to obtain discovery in order to make that determination.

■ In response, as noted above, Costco does not suggest that plaintiff's counsel is attempting, in bad faith, to evade discovery rules by seeking pre-action disclosure. Instead, Costco claims that removal based on diversity jurisdiction is warranted because it would be impossible in this case for petitioner to file an action in connection with petitioner's alleged injury against any party other than Costco. However, petitioner cited multiple personal injury cases involving Costco and skids (or pallets) where parties other than Costco were implicated. (*See id.* (citing *Fede v. Costco Wholesale Corp.*, Index No. 103168/05 (JJM, 2010 WL 354394), 2010 N.Y. Misc. LEXIS 1390 (N.Y. Sup. Ct. Jan. 25, 2010); *Abdelmessih v. Costco Wholesale*, No. 102314/08 (PGM), 28 Misc.3d 1205(A), 2010 WL 2670792 (N.Y. Sup. Ct. July 2, 2010)).)[3] In addition, based on these and other cases, petitioner identified certain entities other than Costco that manufacture, own, and/or supply the skids, and according to petitioner, three of the companies of which petitioner is aware are either incorporated in New York or have a principal place of business in New York. (*See id.*) Although *Costco* claimed at oral argument that Costco has exclusive control over the skids at the Costco warehouse where the incident took place and that any potential liability in a future personal injury lawsuit would lie with Costco alone, it did not submit any evidence to support this assertion. Moreover, there is no indication that plaintiff has access to this purported information

and, in part, he is seeking discovery in the state court proceeding in order to identify potential additional defendants. In short, it is far from clear based upon the current record that Costco would be the only defendant in the underlying personal injury action, and it is certainly plausible (at this stage) that a non-diverse defendant would be part of that potential future action. Accordingly, even assuming *arguendo* that the Court were to agree with Costco that the Court should exercise subject matter jurisdiction over a pre-action disclosure proceeding if it were clear that federal subject matter jurisdiction would exist in the future underlying lawsuit, that is not the situation here. Based upon the current record, it would be entirely plausible that this Court would be exercising subject matter jurisdiction over a pre-action disclosure proceeding with non-diverse parties, in connection with a future underlying personal injury action for which no diversity jurisdiction may exist. Under these circumstances, a federal court's premature involvement in any aspect of this dispute is contrary to the well-settled parameters for federal subject matter jurisdiction and, if permitted, could unnecessarily interfere with the clear province of the state courts to resolve purely state law claims involving non-diverse parties.

Finally, although Costco relies heavily on two cases where N.Y. C.P.L.R. § 3102(c) proceedings were removed to federal court—*Dublin Worldwide Productions (USA), Inc. v. Jam Theatricals, Ltd.*, 162 F.Supp.2d 275 (S.D.N.Y. 2001) and *Christian, Klein & Cogburn v. National Ass'n of Securities Dealers, Inc.* 970

---

**3.** At oral argument, petitioner also indicated that there were personal injury cases against Costco where Costco brought third-party claims against other parties, such as manufacturers, owners, suppliers, and/or configurators of skids. The cases cited in the LeBlang Affidavit in support of petitioner's motion to remand do not specifically indicate that Costco was the entity suing those third-parties. However, counsel for Costco did not deny that such cases existed. In any event, the Court need not, and does not, consider this additional factual assertion in deciding the instant motion.

F.Supp. 276 (S.D.N.Y. 1997)—those cases are clearly distinguishable because, in both cases, it was apparent that federal jurisdiction existed in the future underlying action. In *Dublin*, it was abundantly clear that diversity jurisdiction would exist in the future underlying action, 162 F.Supp.2d at 276–78 (finding it "was obvious" that there was federal subject matter jurisdiction over the potential causes of action due to diversity), and in *Christian, Klein, & Cogburn*, petitioner invoked federal securities law as a basis for the pre-complaint discovery, which made clear that federal question jurisdiction would exist in the contemplated underlying lawsuit, 970 F.Supp. at 278. Here, by contrast, not only is the pre-action disclosure proceeding non-diverse, but the potential underlying cause of action may also be non-diverse. This situation is similar to that in *Bryan v. America West Airlines*, where the court granted petitioner's motion to remand when the respondent had "removed what, once a complaint is filed, will likely be a garden variety state personal injury claim which implicates no substantive federal law" and the "requested discovery is likely to reveal that one of the contemplated parties will destroy complete diversity, thereby eliminating any basis for federal jurisdiction." 405 F.Supp.2d 218, 222 (E.D.N.Y. 2005).

As noted above, if the Court were to exercise jurisdiction over this non-diverse, pre-action disclosure proceeding, it could be involving itself in a case that ultimately has no federal interests. Accordingly, even assuming *arguendo* that a pre-action disclosure proceeding can be removed to federal court, the Court concludes that it does not have subject matter jurisdiction over this particular pre-action disclosure proceeding.[4]

### IV. CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. § 1447(c), petitioner's motion to remand for lack of federal diversity jurisdiction is granted. Given the lack of jurisdiction, Costco's motion to dismiss is denied as moot. The action is hereby remanded to the Supreme Court of the State of New York, County of Suffolk. This decision is without prejudice to removal of any future underlying personal injury action if diversity jurisdiction exists in that case.

SO ORDERED.

---

4. Petitioner also asserts that this case should be remanded on the basis that Costco's notice of removal is procedurally defective under 28 U.S.C. §§ 1446(a) and 1446(b)(2)(A) and Local Rule 81, because, *inter alia*, the Suffolk County respondents neither joined nor consented to the removal petition. In response, Costco argues that it did not need the Suffolk County respondents' consent for removal because they are merely nominal parties. In light of the Court's conclusion that this action must be remanded because Costco has failed to establish diversity jurisdiction, the Court need not, and does not, address this argument.